UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Viktor Novosel

    v.                                    Civil No. 10-cv-165-PB

William L. Wrenn et al.


**O R D E R**

Before the court for preliminary review is the complaint (doc. no. 1) filed pro se by Viktor Novosel, an inmate at the New Hampshire State Prison ("NHSP"), asserting that defendants have violated, and continue to violate, his rights under the First, Eighth, and Fourteenth Amendments with respect to letters from his brother, written in Croatian. Novosel names as defendants William L. Wrenn, Commissioner, New Hampshire Department of Corrections ("DOC"); Capt. Chris Kench, Office of the DOC Commissioner; and Richard M. Gerry, Warden, New Hampshire State Prison. Novosel has also listed a "John Doe" defendant, an unnamed NHSP mailroom supervisor. Also before the court is Novosel's motion for appointment of counsel (doc. no. 5).

In a Report and Recommendation issued this date, I have recommended that the court dismiss, as to all defendants, Novosel's Eighth Amendment claim and Fourteenth Amendment equal protection claim, enumerated as Claims 3 and 4 in the Report and Recommendation. Novosel's First Amendment claim and Fourteenth Amendment due process claim (numbered 1 and 2 in the Report and Recommendation) may proceed. Service of those claims on the named defendants is directed as specified below.

A.  Service

The Clerk's office shall serve the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement On Acceptance Of Service, electronic copies of this Order, the Report and Recommendation, and the Complaint (doc. no. 1), to effect service on each named defendant. See LR 4.3(d)(2)(C). Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf. When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

If any defendant does not authorize the AG's office to receive service on his behalf or the AG declines to represent

him, the AG shall, within thirty days from receipt of the aforementioned materials, provide the court with that defendant's last known address. The Clerk's office is instructed to complete service on that defendant thereafter, in accordance with this Order and Fed. R. Civ. P. 4(c)(3).

Defendants are instructed to answer or otherwise plead within twenty-one days of acceptance of service. See Fed. R. Civ. P. 12(a)(1)(A).

B.  Motion to Appoint Counsel

Novosel has asked this court to appoint counsel to represent him in this case, asserting claims of violations of his constitutional rights, actionable under 42 U.S.C. § 1983. There is no absolute constitutional right to free legal representation in a civil case. Bemis v. Kelley, 857 F.2d 14, 15 (1st Cir. 1988). Rather, appointment of counsel in such cases is left to the discretion of the court. See 28 U.S.C. § 1915(d). An indigent litigant must demonstrate that exceptional circumstances exist to justify appointment of counsel, such that without counsel the litigant most likely would be unable to obtain due process of the law. See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) (per curiam). "To

determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." DesRosiers, 949 F.2d at 24.

Here, Novosel cites the NHSP's several week delay in paying the first installment of the partial filing fee due from his inmate account, which he believes demonstrates the NHSP's pattern of interfering with his right of access to the courts. I note that the cited issue has been resolved. See Order (Sept. 1, 2010) (payment was received on June 30, 2010)).

As to other factors bearing on the issue, Novosel has demonstrated his ability to assert cognizable claims for equitable relief. At this preliminary point in the case, Novosel has not established that circumstances exist which warrant a finding that he would be denied due process if counsel is not appointed. Accordingly, Novosel's motion to appoint counsel (doc. no. 5) is denied without prejudice to refiling in the future should circumstances warrant.

<u>Conclusion</u>

For the foregoing reasons, the motion for appointment of counsel (doc. no. 5) is denied without prejudice.  Service of process as to the named defendants is ordered as specified above.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  November 18, 2010

cc:  Victor Novosel, pro se

LBM:nmd