**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Viktor Novosel

     v.                             Civil No. 10-cv-165-PB

William L. Wrenn et al.

**O R D E R**

Two motions filed by pro se plaintiff, Viktor Novosel, an inmate at the New Hampshire State Prison ("NHSP"), are before the court:  (1) a motion for appointment of counsel (doc. no. 28); and (2) a motion for a transcript (doc. no. 31). Defendants have not objected to these motions.  In addition, plaintiff has filed a discovery request that was docketed as a motion (doc. no. 30), as to which no court order is requested. For reasons set forth below, the motion for appointment of counsel (doc. no. 28) is conditionally granted, as explained herein, the motion for a transcript (doc. no. 31) is denied without prejudice to renew, and the deadline for Novosel to file an objection to the Report and Recommendation is extended until May 2, 2011.

Background

Novosel, who is in his 70s, has been incarcerated for more than 35 years at the NHSP.  Novosel's first language is Croatian.  His older brother, Mijo, and Novosel's niece, Michelle Tucker ("Michelle"), live in Canada and have corresponded over the years with Novosel.  Mijo always writes letters in Croatian, as he cannot write in English.  Michelle, Mijo's daughter, has written letters in English to Novosel on her father's behalf.

In this lawsuit, Novosel has alleged that since late 2006 and as recently as August 2009, the NHSP returned letters to Mijo that were written in Croatian and addressed to Novosel, without notifying Novosel that the letters had been returned.  Novosel has asserted that in interfering with his mail and in failing to provide him with notice and an opportunity to appeal the rejection of Mijo's letters:  (1) defendants violated his First Amendment right to correspond with his family; and (2) defendants violated his Fourteenth Amendment right to due process.

Novosel filed a motion for a preliminary injunction (doc. no. 9), seeking an order barring the NHSP from interfering with his mail and directing the NHSP to provide him notice and an opportunity to object when mail is rejected.  That motion was referred to the magistrate judge for proposed findings and a recommendation as to its disposition.  Following a January 5, 2011, evidentiary hearing, the court, on February 16, 2011, issued its Report and Recommendation (doc. no. 27), recommending that the motion be denied, because Novosel failed to show a likelihood of success on the merits and irreparable harm in the absence of an injunction.

Novosel filed a series of motions after the court issued the February 16 Report and Recommendation.[1]  Novosel filed a motion to reconsider (doc. no. 29) the Report and Recommendation and a motion for appointment of counsel (doc. no. 28), citing his inability to obtain affidavits from Michelle and Mijo as the

---

[1]Novosel also filed a document production request, directed at defendants, which the clerk's office docketed as a motion (doc. no. 30).  The clerk is directed to redocket that item as a discovery request, as to which no court order is required at this time.  Defendants indicated at the pretrial conference on March 7, 2011, that they have responded to the request.

ground for granting both motions.  Novosel, who filed this case in forma pauperis, also filed a motion (doc. no. 31) to obtain a transcript of the January 5 hearing.  In each motion, Novosel requested an extension of time to file an objection to the February 16 Report and Recommendation, on the ground that he needed additional time to obtain affidavits to be filed as exhibits, and to prepare a response.  The court denied the motion to reconsider, and granted Novosel an extension of time, until April 15, 2011, to object to the Report and Recommendation.  See Endorsed Order (March 15, 2011).

## Discussion

A.   Motion for Counsel

Novosel has asked this court to appoint counsel to help him contact Mijo and Michelle to obtain affidavits and other evidence from them, and prepare a response to the February 16 Report and Recommendation.  Novosel has described a number of good faith attempts he has undertaken to date, to investigate his claims on his own, by way of letters sent to his niece Michelle in Canada.  Specifically, Novosel sent a letter to

4

Michelle on October 13, 2010, providing her with a model
affidavit, and asking her to prepare an affidavit based on her
own knowledge and to assist Mijo in preparing an affidavit based
on his own knowledge, relating to the letters rejected by the
NHSP.  In that October 2010 letter, Novosel asked Michelle to
mark the affidavits with the appropriate case name and docket
number and to mail the documents directly to the court, with
copies sent to Novosel.  Unsure if Michelle had received that
letter or misunderstood the request, Novosel sent follow-up
letters on November 21 and December 23, 2010.  Novosel has
asserted that his family did not respond to his requests.  This
court has not received any affidavits from Mijo or Michelle to
date.

   While there is no absolute constitutional right to free
representation in a civil case, DesRosiers v. Moran, 949 F.2d
15, 24 (1st Cir. 1991) (citing Bemis v. Kelley, 857 F.2d 14, 15
(1st Cir. 1988)), counsel's appointment may be required as a
matter of due process if an indigent plaintiff demonstrates that
there are "exceptional circumstances," such that a "denial of
counsel [is] likely to result in fundamental unfairness."

<u>DesRosiers</u>, 949 F.2d at 24.  To determine if "exceptional circumstances" warrant the appointment of counsel, "a court must examine the total situation, focusing, <u>inter alia</u>, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself."  <u>Id.</u>

This court always has statutory authority, in its discretion, to request that counsel represent an indigent plaintiff.  28 U.S.C. § 1915(e)(1).  No funds are generally available to pay counsel's fees or costs in such circumstances, however.  <u>See</u> <u>Ruffin v. Brann</u>, No. CV-09-87-B-W, 2010 WL 500827, *1 (D. Me. Feb. 8, 2010).

At this point, the court need not determine if an appointment of counsel is required as a matter of due process and fundamental fairness.  The court, in its discretion, concludes that a limited appointment is appropriate, conditioned upon counsel's availability and willingness to represent Novosel pro bono.

The factors bearing on the court's decision include the stage of the case, the limited purpose for which Novosel seeks counsel's assistance, the evidence indicating that letters to

6

Novosel from Mijo have not always been delivered, Novosel's incarceration in New Hampshire, and the witnesses' residence in Ontario, which makes it difficult for Novosel to contact them. At this stage of the case, a motion for a preliminary injunction is pending.  Novosel's objection to the Report and Recommendation is not yet due; the district judge may accept further testimonial or documentary evidence in considering de novo any portion of the Report and Recommendation to which Novosel objects, and the court may also recommit the entire matter to the magistrate judge for further proceedings.  See 28 U.S.C. § 636(b)(1)(B).  Novosel has requested counsel to intercede on his behalf, to obtain from Michelle and Mijo the evidence he believes will show that the prison rejected letters because they were written in Croatian, and not for any legitimate reason suggested by defendants.

Novosel has shown that his attempts to obtain the evidence by mail have been unsuccessful.  While he might yet be able to obtain the evidence through other means without counsel -- for example, by contacting family members in Canada by phone -- it is apparent that counsel's assistance will facilitate the

7

process on behalf of this incarcerated plaintiff.  Should

Novosel continue to have problems obtaining the evidence at

issue, he may seek to depose them, see Fed. R. Civ. P. 30 (party

may depose "any person").  To compel their attendance at a

deposition or to command them to produce documents, Novosel may

file in this case a motion for a "letter rogatory," requesting

the intervention of a Canadian court in ordering the witnesses

to testify or produce documents.  See 28 U.S.C. § 1781.

Therefore, in an exercise of its discretion, the court

grants the motion (doc. no. 28) for appointment of counsel, on

the condition that suitable counsel may be identified and is

available and willing to take this matter on a pro bono basis.

To that end, the clerk's office shall contact suitable counsel,

selected from the list of attorneys registered to file documents

electronically in this court, and request that counsel represent

Novosel for a limited purpose, as specified herein.  Counsel

shall be notified that she or he may decline the requested

appointment, that the appointment is pro bono, and that the

scope of the appointment is limited to representing Novosel on

his motion for a preliminary injunction (doc. no. 9) and filing

8

a response to the February 16 Report and Recommendation (doc. no. 27), which recommended that the motion for a preliminary injunction be denied.  In the course of such limited representation, counsel may investigate Novosel's claims, obtain affidavits, and represent Novosel in any further proceedings on his motion for a preliminary injunction (doc. no. 9).

If the court is unable to secure counsel willing to represent Novosel pro bono in this matter by April 15, 2011, Novosel shall receive notice thereof and may thereafter file a new motion for appointment of counsel, stating with specificity the reasons why counsel's appointment is necessary to avoid fundamental unfairness, including the steps he has taken to investigate his claims on his own by telephone or through other means, any prison policies or practices that may have impeded his efforts to obtain the evidence, and the relevance of the evidence at issue to the claims in this case.  To accommodate the time needed to attempt to secure counsel, the court further extends the deadline for Novosel to respond to the Report and Recommendation, until May 2, 2011.

B.    Motion for Transcript

Novosel has asked this court to provide him with a transcript of the January 5 hearing on his motion for a preliminary injunction.  Novosel contends that he requires a copy of the transcript to prepare a response to the Report and Recommendation (doc. no. 27).

28 U.S.C. § 1915(c)(2) authorizes the court to direct the United States to pay for the cost of preparing a transcript as to any proceedings held before a magistrate judge, involving an indigent plaintiff, "if such transcript is required by the district court, in the case of proceedings conducted under [28 U.S.C. §] 636(b)."  See 28 U.S.C. § 1915(c)(2).  While that statute does not entitle an indigent plaintiff to obtain a copy of a preliminary injunction hearing transcript for his own general use, it plainly authorizes preparation of a transcript at government expense, as required for the district court's review of the magistrate judge's recommended disposition of the motion for a preliminary injunction.  See Doe v. Pryor, 61 F. Supp. 2d 1235, 1236 (M.D. Ala. 1999).

In part because Novosel has not shown that he requires access to the transcript of a proceeding he attended in order to prepare a response to the Report and Recommendation, and in light of the court's order this date conditionally granting plaintiff's motion for appointment of counsel, the motion to receive a transcript without charge is denied without prejudice to renew upon counsel's appearance.  If this court is unable to secure pro bono representation for Novosel, and Novosel is unable to obtain counsel on his own, he may renew the motion on his own behalf, identifying the precise grounds giving rise to his need for a transcript in this matter.

## Conclusion

For the foregoing reasons, the motion for appointment of counsel (doc. no. 28) is GRANTED, conditioned on the availability and willingness of suitable counsel to represent Novosel on a pro bono basis, with the scope of representation limited to filing a response to the February 16 Report and Recommendation (doc. no. 27) and the proceedings on the motion for a preliminary injunction (doc. no. 9), and is DENIED without

prejudice in all other respects.  The clerk shall notify Novosel

by April 15, 2011, regarding whether it has secured suitable

representation for Novosel.  The motion for a transcript (doc.

no. 31) is DENIED without prejudice to renew after counsel's

appearance or upon notice to Novosel that the court was unable

to obtain pro bono representation for Novosel.  The deadline for

Novosel to file a response to the Report and Recommendation

(doc. no. 27) shall be extended until May 2, 2011.  The clerk

shall redocket as a discovery request the motion to produce

documents (doc. no. 30).

        SO ORDERED.

                                _____
                                Landya B. McCafferty
                                United States Magistrate Judge


Date:  March 24, 2011

cc:  Viktor Novosel, pro se

LBM:nmd